# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5169 | **DATE** | 10/13/10 |
| **CASE TITLE** | Roger Williams (K-76299) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [11] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of confinement to deduct $31.60 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk is directed to issue summonses for service of the amended complaint [13] on the following Defendants: Lt. Galan, Sgt. Thielen, Officer Walton, Sgt. Atkins, Sgt. Thomas, and Superintendent Hickerson. The other Defendants are dismissed. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Having complied with the court's prior orders, Plaintiff need not file another amended complaint in this case. Status hearing set for 12/10/10 at 10:00 a.m.

■ [**For further details see text below.**]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff Roger Williams, currently incarcerated at Stateville Correctional Center (K-76299), has submitted an amended complaint and a completed *in forma pauperis* application in accordance with the court's 9/1/10 order. The amended complaint asserts that officers and officials at the Cook County Jail were aware that Plaintiff had been threatened by other inmates, yet did nothing. Plaintiff states that he was attacked by other inmates in the jail's bullpen on February 18, 2010, and that he lost a tooth and suffered bruising about his face and side as a result of the attack. He was treated at Stroger Hospital for a day.

The court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. He is assessed an initial partial filing fee of $31.60. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

**(CONTINUED)**

isk

## STATEMENT (continued)

The court has conducted a preliminary review under 28 U.S.C. § 1915A, and the court finds that Plaintiff may proceed with his amended complaint against Lt. Galan, Sgt. Thielen, Officer Walton, Sgt. Atkins, Sgt. Thomas, and Superintendent Hickerson. Plaintiff alleges that he informed these officers that Plaintiff had been threatened, that other inmates in the bullpen wanted to hurt him, but that the officers did nothing. With respect to the claim against Superintendent Hickerson, Plaintiff alleges that Hickerson was aware of a dangerous situation (no working camera and no ability to supervise the bullpen in his division), yet did nothing to correct it. The allegations against the above listed Defendants may establish deliberate indifference to Plaintiff's safety.

The other Defendants (Tom Dart and Salvador Godinez), however, are dismissed. Plaintiff names Dart and Godinez only for the supervisory roles as sheriff and director of the jail, and Plaintiff asserts only general allegations and legal conclusions that they should be held liable for unsafe jail conditions. Such allegations fail to state a valid claim. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Tom Dart and Salvador Godinez are dismissed as Defendants. The court also dismisses as Defendants those parties who were named in the original complaint but not Plaintiff's amended complaint.

The clerk shall issue summonses for service of the amended complaint on Cook County Jail Lt. Galan, Sgt. Thielen, Officer Walton, Sgt. Atkins, Sgt. Thomas, and Superintendent Hickerson. The United States Marshals Service is appointed to serve these Defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by the Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain waivers of service, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.